# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT WOODARD,

v.

DONALD T. VAUGHN,
    Respondent.

: CIVIL ACTION
: NO. 07-5316

## Memorandum and Order

YOHN, J.                                                                                                              July ____, 2008

     Robert Woodard, a prisoner in the State Correctional Institution at Graterford, filed a pro se motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from this court's July 9, 2003 order denying his first petition for federal habeas relief as untimely.  For the following reasons, Woodard's motion for relief will be denied.

## I.    Background[1]

     Woodard was convicted in the Court of Common Pleas of Philadelphia County of five counts of robbery, four counts of burglary, three counts of possessing an instrument of crime, and one count of rape on December 10, 1992.  On March 29, 1993, he was sentenced to forty-eight to ninety-six years' imprisonment.  The Pennsylvania Superior Court affirmed his convictions and sentence on May 5, 1994, and Woodard did not appeal further.  Instead, Woodard began to

---

[1] The procedural history is drawn largely from Magistrate Judge Diane M. Welsh's report and recommendation regarding Woodard's first habeas petition.  (*See* Civ. No. 02-8543, Report & Recommendation, Apr. 29, 2003.)

collaterally attack his conviction.

Acting pro se, Woodard filed his first petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA"), in the Court of Common Pleas of Philadelphia County on July 5, 1994. After the court appointed counsel to represent Woodard, counsel filed an amended PCRA petition on December 14, 1994. The court denied this amended PCRA petition on September 9, 1996; the Pennsylvania Superior Court affirmed on May 14, 1998; and the Pennsylvania Supreme Court denied allocatur on October 6, 1998.

While his amended first PCRA petition filed by his counsel was pending, Woodard filed another pro se document. He labeled this document a "writ of habeas corpus," and it was docketed on July 12, 1996 as a "Pro Se Writ Of Habeas Corpus." His instant Rule 60(b)(6) motion is based on this document, which he describes as a further amendment to his first PCRA petition. (*See, e.g.*, Mot. 3; *see also* Mot. Ex. F.) He contends that the document amended his counseled amended PCRA petition, was never acted on, and therefore preserved the timeliness of all his later filings. This document was never specifically addressed by the PCRA court.[2] Nor does Woodard contend that it was mentioned in his appeal to the Superior Court or in his request for allocatur filed with the Pennsylvania Supreme Court.

Woodard filed his second PCRA petition on December 15, 1998 in the Court of Common

---

[2] The docket entry relating to the court's disposition of his first PCRA petition is written broadly enough to encompass all amendments to that petition:
> ORDER. AND NOW, this 9th day of September, 1996, after a review of the pleadings, record and argument of counsel, it is hereby ORDERED and DECREED that post conviction relief is DENIED.
> Brinkley, J.

(Mot. Ex. E, at 7(a).) The court's written opinion, however, addresses only the issues raised in the amended PCRA petition filed by Woodard's attorney on December 14, 1994. (*See* Mot. Ex. K, at 3.)

2

Pleas.  Woodard also does not contend that his second PCRA petition mentioned the "Pro Se Writ Of Habeas Corpus."  On March 31, 1999, the court dismissed Woodard's second PCRA petition as untimely.  The Pennsylvania Superior Court affirmed on February 15, 2000, and the Pennsylvania Supreme Court denied allocatur on June 6, 2000.  Woodard does not contend that he made any mention to any of these courts that the "Pro Se Writ Of Habeas Corpus" preserved the timeliness of his second PCRA petition.

Woodard filed a petition for a writ of habeas corpus pursuant to the Pennsylvania Constitution in the Court of Common Pleas on June 13, 2000.  The court appointed counsel and treated the petition as having been brought under the PCRA.  On March 18, 2002, this third PCRA petition, like his second PCRA petition, was dismissed as untimely.  The Pennsylvania Superior Court affirmed on October 18, 2002, and Woodard did not seek review from the Pennsylvania Supreme Court.  Again, Woodard does not contend that he raised his allegedly still-pending "Pro Se Writ Of Habeas Corpus" in these proceedings.

Woodard filed his first federal habeas petition under 28 U.S.C. § 2254 on November 19, 2002.  This court dismissed that petition as untimely on July 9, 2003, noting in its explanation that the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), was not tolled during the pendency of his second and third PCRA petitions because they had been dismissed as untimely by the state court.  The court explained that, in applying AEDPA's statute of limitations, "district courts are bound by state courts' determinations of the timeliness of petitions brought pursuant to" the PCRA. (Order, at 2 n.1, Civ. No. 02-8543, July 9, 2003.)  The Third Circuit denied Woodard's motion for a certificate of appealability on December 11, 2003, and denied his petition for rehearing on

3

January 26, 2004. (*See* 3d Cir. Docket No. 03-3054.)

Woodard filed a second federal habeas petition under 28 U.S.C. § 2241 on March 9, 2005. This court denied that petition on October 4, 2005, finding that Woodard had not asserted a claim cognizable on federal habeas review. (*See* Order, at 1 n.1, Civ. No. 05-1109, Oct. 4, 2005.) The court explained that "federal habeas review is not available for claims alleging error in state collateral proceedings." (*Id.*) Woodard filed a motion for reconsideration of the dismissal, which the court denied on February 2, 2006, reiterating that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction." (Mem. & Order, at 4 n.2, Civ. No. 05-1109, Feb. 2, 2006 (citing *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).) The Third Circuit denied petitioner's request to file a successive habeas petition on January 17, 2007. (*See* 3d Cir. Docket No. 06-5176.)

On December 18, 2007, Woodard filed the instant motion under Federal Rule of Civil Procedure 60(b)(6), seeking relief from this court's July 9, 2003 order dismissing his first habeas petition.[3] The District Attorney's Office filed a response, and Woodard filed a reply.

**II.    Discussion**

Woodard alleges that the District Attorney's Office's March 27, 2003 response to his first federal habeas petition contained materially false and misleading statements. In support of his

---

[3] This is, of course, the purpose of a Rule 60(b)(6) motion. In his request for relief, however, Woodard actually requests the court to vacate his convictions and sentences, relief which would cause the motion to be yet another habeas petition and require prior approval from the Third Circuit.

4

fraud claim, he seems to argue the following: The Pennsylvania courts failed to act on his July 12, 1996 attempted pro se amendment to his first PCRA petition (i.e., the document docketed on that date in the Court of Common Pleas as a "Pro Se Writ Of Habeas Corpus"). Therefore, he argues his first PCRA petition remained open and filings the Pennsylvania courts treated as second and third PCRA petitions were actually further amendments to his first PCRA petition (even though he apparently never argued this is in any of those petitions).[4] These subsequent filings related back to the date of his first PCRA petition, he claims, and therefore were timely. Thus, the court of common pleas wrongly dismissed those filings as untimely. From this, Woodard concludes that by stating to the district court only that the court of common pleas dismissed Woodard's PRCA petition and that the appellate courts affirmed, the District Attorney's Office "fail[ed] to state facts necessary to make this statement not materially false and patently misleading." (Mot. 3-5.) Namely, the District Attorney's Office failed to bring the allegedly unacted-on "Pro Se Writ Of Habeas Corpus" filed during his first PCRA proceedings to the attention of the federal court and thus committed fraud.

Woodard's motion is time barred. Rule 60(b)(6), which Woodard cites, "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' *other than* the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. 524, 529 (2005) (emphasis added); *see also Stradley v. Cortez*, 518 F.2d 488, 493 (3d

---

[4] Woodard bases this argument on Pennsylvania Rule of Criminal Procedure 905, which provides: "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Woodard does not point to any order of the Pennsylvania courts, however, granting him leave to amend pro se the amended petition filed by his counsel, nor did he or his counsel seek leave to amend the counseled petition.

Cir. 1975). Because Woodard alleges fraud, which is listed in Rule 60(b)(3), his claim is not cognizable under Rule 60(b)(6).

Motions under Rule 60(b)(3) "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Stradley*, 518 F.2d at 493 ("Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."). Woodard's motion was filed almost four and one-half years after the court dismissed his first federal habeas motion and about four years after the Third Circuit denied his request for a certificate of appealability. Thus, even if treated as a Rule 60(b)(3) motion, Woodard's motion would be dismissed as untimely.

Moreover, Woodard does not state a claim for fraud on the district court under Rule 60(b)(3) or 60(b)(6). A Rule 60(b) motion may be used to attack the manner in which a habeas judgment was procured. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). However, "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (internal footnote omitted) (citing 28 U.S.C. § 2254 Rule 11). Adjudicating a Rule 60(b) motion brought by a habeas petitioner is not inconsistent with federal habeas provisions when the motion alleges a "defect in the integrity of the federal habeas proceedings" such as fraud on the habeas court. *Id.* at 532 & n.5. Thus, Woodard's Rule 60(b)(6) motion is properly evaluated under Rule 60(b).

"The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Moolenaar*, 822 F.2d at 1346 (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J., concurring)); *see also Kock v. Gov't of V.I.*, 811 F.2d

240, 246 (3d Cir. 1987) (explaining that Rule 60(b)(6) "is intended to be a means for accomplishing justice in extraordinary situations").  In this case, there is no evidence of actual fraud, let alone extraordinary circumstances sufficient to prevail under Rule 60(b), by the District Attorney's Office during the habeas proceedings in this court.  Woodard bases his fraud claim on the District Attorney's Office's statement to this court that the Court of Common Pleas denied Woodard's PCRA petition on September 9, 1996 and that the state appellate courts affirmed that denial.  Woodard alleges that the District Attorney's Office failed to include facts necessary to make its statement not "materially false and patently misleading." (Mot. 3.)  But the District Attorney's Office's statement is true:  the state-court docket reflects an order issued by the Court of Common Pleas of Philadelphia County on September 9, 1996 providing that "after a review of the pleadings, record and argument of counsel, it is hereby ORDERED and DECREED that post conviction relief is DENIED." (Mot. Ex. E, at 7(a).)  This decision was affirmed by the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied allocatur.

Furthermore, even if the state court erroneously treated the PCRA petitions Woodard filed on December 15, 1998 and June 13, 2000 as second and third, untimely petitions (instead of successive amendments to his first petition, as Woodard alleges they are), the District Attorney's Office's failure to describe the alleged state-court procedural error to the habeas court cannot be a basis for reopening this court's denial of the habeas petition.  As explained in this court's order dismissing Woodard's second habeas petition (Order, at 1 n.1, Civ. No. 05-1109, Oct. 4, 2005), any procedural error by state courts is not cognizable on habeas review.  *See Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (quoting *Carey v. Saffold*, 536

U.S. 214, 226 (2002)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction. It is the original trial that is the 'main event' for habeas purposes."); *Hassine*, 160 F.3d at 954 ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation."). Woodard's allegation of fraud—based on the District Attorney's Office's failure to bring the unacted-on, alleged amendment to his first PCRA petition to the attention of the federal court—is, in essence, an allegation that the federal court failed to correct an alleged procedural error by the state court. This allegation cannot justify relief from the dismissal of his habeas petition.[5]

The cases Woodard relies on do not compel a different conclusion. Woodard cites *Commonwealth v. Flanagan*, 854 A.2d 489 (Pa. 2004), for the proposition that his first PCRA petition remained open and thus was amended by his December 15, 1998 and June 13, 2000 petitions. *Flanagan* reiterates the rule that courts should freely permit PCRA petitions to be

---

[5] Even if the government had included information about Woodard's "Pro Se Writ Of Habeas Corpus" in its filings in response to Woodard's first federal habeas petition in the district court, that information would not have affected the court's resolution of Woodard's first habeas petition. Additionally, Woodard knew of the "Pro Se Writ Of Habeas Corpus" he filed in state court, and he did not raise in district court the fact that he had filed it and it had not been acted upon. Therefore, Woodard cannot allege fraud based on respondent's failure to include it in its filings.

amended.  *Id.* at 499-500 (internal citation omitted) (citing Pa. R. Crim. P. 905(A)).  The *Flanagan* court noted that freely granting leave to amend PCRA petitions is important because, "in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court."  *Id.* at 500.  Whether the state court should have treated Woodard's July 12, 1996 filing as an amendment to his first PCRA petition is irrelevant to disposition of this motion, however.  As explained above, any procedural error by state courts is not cognizable on habeas review.  The state court's procedural determinations are "the end of the matter."  *Pace*, 544 U.S. at 414.

       Woodard also relies on *Commonwealth v. Williams*, 828 A.2d 981 (Pa. 2003), in support of his position that his subsequent PCRA petitions amended his first PCRA petition because his July 12, 1996 filing was never acted on by the state court.  *Williams*, however, dealt with a distinguishable situation, in which the petitioner sought to withdraw his first, uncounseled PCRA petition.  *Id.* at 993.  The Pennsylvania Supreme Court held that it would treat Williams's subsequent filings as amendments to the first PCRA petition because the PCRA court never acted on Williams's motion to withdraw his first PCRA petition.  *Id.*  "Any other holding would suggest that a motion which is filed but not acted on by the court has the force of law in a case."  *Id.*  Thus, it held the opposite of what Williams desires in this case.  And, again, even if the state court should have treated Woodard's subsequent filings differently, by finding that the second and third PCRA petitions were amendments to the first PCRA petition, such a claim of procedural error is not cognizable on habeas review and cannot form the basis of a motion for relief from this court's order denying Woodard's first habeas petition.

       An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT WOODARD,

    v.

DONALD T. VAUGHN,
    Respondent.

CIVIL ACTION
NO. 07-5316

## Order

**AND NOW** this _____ day of July 2008, upon consideration of Robert Woodard's motion for relief from judgment pursuant to Rule 60(b)(6) (Doc. No. 21) and the respondent's response, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mark this matter **CLOSED** for statistical purposes.

                                                                                         _____s/ William H. Yohn Jr._____
                                                                                         William H. Yohn Jr., Judge